FILED

2017 FEB -8  PM 1:22

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| Michael Shane Crowder | ) | **A17CV0090 SS** |
|       Plaintiff, | ) | Case No._____ |
| | ) | |
| vs | ) | |
| Medicredit, Inc. | ) | |
|       Defendant, | ) | TRIAL BY JURY DEMANDED |
| | ) | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1.    This is an action for damages brought by the Plaintiff for Defendant's violations of the Fair Debt Collection Practices Act (hereinafter FDCPA) 15 U.S.C. § 1692, and Telephone Consumer Protection Act(hereinafter TCPA) 47 U.S.C. § 227.

2.    Plaintiff seeks to recover damages for Defendant's violation of the FDCPA and TCPA.

### JURISDICTION

3.   This court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331.

## VENUE

4.   The occurrences which give rise to this action occurred in Travis County, Texas, and Hays County, Texas.

5.   Plaintiff resides in Hays County, Texas.

6.   Plaintiff transacts business in Travis County, Texas and Hays County, Texas.

7.   Venue is proper in the Western District of Texas, Austin Division.

## PARTIES

8.   Plaintiff, Michael S. Crowder, is a natural person, who resides in Hays County, Texas.

9.   Plaintiff is a "consumer" as defined by FDCPA 15 U.S.C. § 1692a(3).

10.   Defendant, Medicredit, Inc. (hereinafter "Medicredit") is a "debt collector" as defined by FDCPA 15 U.S.C. § 1692a(6) with an office in Saint Louis, MO.

## FACTUAL ALLEGATIONS

11.   On or about August 21, 2015 Medicredit made the first of 27 calls to Plaintiff's wireless phone number 208-859-5624

from 800-888-2238 and continuing through February 10, 2016 using
ATDS capable equipment.

12.   Defendant Medicredit called Plaintiff's wireless phone
number 208-859-5624, on or about the following dates and times
from number 800-888-2238 that the Plaintiff documented:

1) August 21, 2015 at 9:08 AM
2) August 24, 2015 at 12:03 PM
3) August 28, 2015 at 9:07 AM
4) September 16, 2015 at 5:33 PM
5) September 29, 2015 at 6:51 PM
6) October 2, 2015 at 9:06 AM
7) October 6, 2015 at 9:40 AM
8) October 9, 2015 at 9:06 AM
9) October 13, 2015 at 9:28 AM
10)   October 21, 2015 at 10:04 AM
11)   October 22, 2015 at 9:29 AM
12)   November 4, 2015 at 11:54 AM
13)   November 5, 2015 at 9:12 AM
14)   November 11, 2015 at 9:11 AM
15)   November 18, 2015 at 1:46 PM
16)   November 19, 2015 at 3:48 PM
17)   November 25, 2015 at 9:11 AM
18)   December 2, 2015 at 9:28 AM
19)   December 9, 2015 at 5:44 PM
20)   December 10, 2015 at 10:22 AM
21)   December 16, 2015 at 9:46 AM
22)   December 23, 2015 at 9:21 AM
23)   January 4, 2016 at 6:20 PM
24)   January 22, 2016 at 2:46 PM
25)   January 26, 2016 at 5:41 PM
26)   February 2, 2016 at 4:21 PM
27)   February 10, 2016 at 6:24 PM

13.   When Plaintiff did answer the Defendant's call,
Defendant failed to disclose the communication as from a debt
collector.

14.   When Plaintiff did answer the Defendant's call, Defendant would not say anything and there was only dead air.

15.   Plaintiff documented each of the above listed calls he was aware of, at or near the time each of the calls was placed to his wireless phone number 208-859-5624.  Details include but are not limited to: the date, time, whether he answered the call, and whether the caller said anything.

16.   Defendant is a debt collection company who at all relevant times was engaged, by the use of mail or telephone, in the business of attempting to collect a consumer "debt" from Plaintiff, as defined by FDCPA 15 U.S.C. § 1692a(6).

17.   Defendant made the calls to Plaintiff's wireless phone using automatic telephone dialing system (ATDS) capable equipment without prior express written consent from the Plaintiff to do so.

18.   Defendant made numerous calls to the Plaintiff's wireless phone that were not for "emergency purposes," as referenced in 47 U.S.C. §227(b)(1)(A).

19.   The phone number 800-888-2238 is known to be used by Defendant Medicredit in its debt collection operations.

20.   Defendant called numerous times and each call was at a time that was inconvenient.

21.   Plaintiff's cellular phone number 208-859-5624 has been registered on the National Do Not Call Registry since October 7, 2008.

22.   Plaintiff has never had any business with Defendant at any time.

23.   Upon information and belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

24.   Upon information and belief, Defendant voluntarily placed the telephone calls to Plaintiff identified above.

25.   Upon information and belief, Defendant under its own free will placed the telephone calls to Plaintiff identified above.

26.   Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

27.   Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

28.   Upon information and belief, Defendant maintains business records that show all calls Defendant placed to

Plaintiff's cellular telephone number.

29.  For each call made by Defendant that failed to disclose the identity of the caller or the purpose of the call appears to be a violation of 15 U.S.C. § 1692d and/or § 1692d(6).

30.  For each call made by the Defendant using ATDS capable equipment without the prior express written consent of the called party appears to be a violation of 47 U.S.C. § 227(b)(1)(A)(iii).

31.  The call on February 10, 2016 falls within the statute of limitations of one year under the FDCPA.

32.  All calls fall within the statute of limitations of four years under the TCPA.

33.  On March 30, 2016, Plaintiff sent a Notice of Intent to Litigate stating his intent to file a civil action against Defendant if the parties could not reach an amicable settlement of the damages incurred by Medicredit's violations.   Notice was sent by USPS using Certified Mail Receipt #70112000000193309385 and was delivered on April 4, 2016 to Defendant's registered agent for Texas which is CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas.

## COUNT I

### VIOLATIONS OF 15 U.S.C. § 1692d(6)

34.   Plaintiff repeats and re-alleges each and every factual allegation above.

35.   Defendant violated the FDCPA. Medicredits' violations include, but are not limited to, the following:

> a. Defendant violated FDCPA 15 U.S.C. § 1692d(6) by "the placement of telephone calls without meaningful disclosure of the caller's identity".

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A) Adjudging that Defendant violated the 15 U.S.C. § 1692d(6);

B) Awarding Plaintiff statutory damages, pursuant to FDCPA 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000;

C) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to  15 U.S.C. § 1692k(a)(3);

D) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

E) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### <u>VIOLATIONS OF 15 U.S.C. § 1692e(11)</u>

36.   Plaintiff repeats and re-alleges each and every factual allegation above.

37.   Defendant violated the FDCPA. Medicredits' violations include, but are not limited to, the following:

> a. Defendant violated FDCPA 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A) Adjudging that Defendant violated the 15 U.S.C. § 1692e(11;

B) Awarding Plaintiff statutory damages, pursuant to FDCPA 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000;

C) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

C) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to  15 U.S.C. § 1692k(a)(3);

D) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

E) Awarding such other and further relief as the Court may

deem just and proper.

## COUNT III

### VIOLATION OF 47 U.S.C. § 227 (b)(1)(A)(iii)

38. Plaintiff repeats and re-alleges each and every factual allegation above.

39. Defendant violated the TCPA. Medicredits' violations include, but are not limited to, the following;

     a. Defendant violated TCPA 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly making calls to Plaintiff's cellular number utilizing an automatic telephone dialing system.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A) Adjudging that Defendant violated the 47 U.S.C. § 227(b)(1)(A)(iii);

B) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B); in the amount of $500.00 per violation;

C) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C); in the amount of $1500.00 per violation;

D) Awarding Plaintiff costs incurred in this action;

E) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

E) Awarding Plaintiff any pre-judgment and post-judgment

interest as may be allowed under the law;

F) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV

### TEX. BUS. & COM. CODE § 305.053

40.  Plaintiff repeats and re-alleges each and every factual allegation above.

41.  Plaintiff received communications originated by Defendant that violated 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A) Adjudging that Defendant violated 47 U.S.C. § 227;

B) Enjoining Defendant from continuing its violative behavior, pursuant to Tex. Bus. & Com. Code § 305.053(a)(1);

C) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to Tex. Bus. & Com. Code § 305.053(b);

D) Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code § 305.053(b);

E) Awarding Plaintiff treble damages, pursuant to Tex. Bus. & Com. Code § 305.053(c);

F) Awarding Plaintiff reasonable attorneys' fees and costs

incurred in this action;

G) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

H) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: February 8, 2017

Respectfully submitted,

Michael Shane Crowder
Without Prejudice U.C.C. 1-308
161 Sawgrass Circle
Kyle, Texas 78640
208-859-5624